UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES FRANK SINCLAIR, JR.,

    Plaintiff,

vs.    Case No. 2:12-cv-44-FtM-29DNF

MICHAEL J. ASTRUE, Commissioner of
Social Security,

    Defendant.
_____

**OPINION AND ORDER**

This matter is before the Court on consideration of Magistrate Judge Douglas N. Frazier's Report and Recommendation (Doc. #18), filed on January 15, 2013, recommending that the Commissioner's decision to deny social security disability benefits be affirmed. Plaintiff filed Objections (Doc. #19) on January 29, 2013.

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Crawford, 363 F.3d at 1158. Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision

reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59. The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211; Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). The magistrate judge, district judge and appellate judges all apply the same legal standards to the review of the Commissioner's decision. Dyer, 395 F.3d at 1210; Shinn v. Comm'r of Soc. Sec., 391 F.3d 1276, 1282 (11th Cir. 2004); Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

The fundamental issue in this case is whether plaintiff was disabled within the meaning of the Social Security Act on or before December 31, 1995, the date he was last insured. The Administrative Law Judge (ALJ) found plaintiff was not disabled by this date, and the Report and Recommendation recommends that this finding be upheld. Plaintiff's Objections assert that the Report and Recommendation fails to recognize the following errors by the ALJ: (1) the ALJ violated plaintiff's due process rights by interrupting and refusing to allow multiple lines of questioning by plaintiff's attorney at the administrative hearing; (2) the ALJ failed to articulate good cause for discrediting the treating opinion of Dr. Strauss; (3) the ALJ erred in failing to either (a) credit Dr. Benovitz's opinion as to plaintiff's limitations since 1994, or (b) at least inquire as to the onset date of Dr.

Benovitz's opinion; and (4) the ALJ erred in failing to explain why he was not limiting plaintiff to sedentary work based on Dr. Schosheim's opinion.

The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976). Regardless of whether a claimant is represented by counsel, the ALJ "has a duty to develop a full and fair record." Brown v. Shalala, 44 F.3d 931, 934 (11th Cir. 1995). A claimant has the procedural due process right to cross-examine witnesses. Hudson v. Heckler, 755 F.2d 781, 784 (11th Cir. 1985)(procedural due process violated when Secretary denied a claimant benefits based upon post-hearing medical reports without giving claimant opportunity to subpoena and cross-examine the authors of reports); Marin v. Comm'r of Soc. Sec., 535 F. Supp. 2d 1263, 1265 (M.D. Fla. 2008). See also 20 C.F.R. 404.950(e) (ALJ may ask a witness any questions material to the issues and "shall allow the parties or their designated representative to do so."). However, "there must be a showing of prejudice before we will find that the claimant's right to due process has been violated to such a degree that the case must be remanded to the Secretary for further development of the record." Brown, 44 F.3d at 935. See also Gordon v. Astrue, 249 F. App'x 810, 813 (11th Cir. 2007). Having reviewed the transcript, the Court finds that the ALJ did

not violate plaintiff's due process rights and that there was no prejudice as a result of his conduct.

The Court has independently reviewed the record as to the other objections raised by plaintiff. After such review, the Court agrees with the Report and Recommendation that there was no legal error by the ALJ and that the findings are supported by substantial evidence. Plaintiff's other objections are overruled.

Accordingly, it is now

**ORDERED**:

1. The Report and Recommendation (Doc. #18) is accepted and **adopted** by the Court.

2. The Decision of the Commissioner of Social Security is **AFFIRMED**.

3. The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___11th___ day of February, 2013.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies:
Hon. Douglas N. Frazier
U.S. Magistrate Judge

Counsel of Record